IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY EKEH,

      **Plaintiff,**

v.                                   CASE NO. 24-3225-JWL

MILOS MITIC, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Anthony Ekeh is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I. Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Butler County Jail in El Dorado, Kansas. The Court provisionally grants Plaintiff leave to proceed in forma pauperis. Plaintiff remains obligated to comply with the Court's Notice of Deficiency at Doc. 11 by providing the financial information required by 28 U.S.C. § 1915(a)(2) by February 5, 2025.

As Count I, Plaintiff states "Civil Rights" and provides no supporting facts. (Doc. 7, at 3.) Plaintiff provides no information in his Complaint, and merely references another case he filed—Case No. 24-3226—against Penske Truck Rental. Plaintiff names several individuals as defendants.[1] For relief, Plaintiff references the Penske case. (Doc. 7, at 5.)

---

[1] In one of his letters to the Court, Plaintiff claims that the individuals influenced businesses and government officials, and "engineered spying and interference by contacting . . . a Budget rental employee from Riverside, California," resulting in Plaintiff's arrest and wrongful imprisonment. (Doc. 12, at 5.)

1

Plaintiff filed several letters with the Court. *See* Docs. 9, 10, and 12. The letters reference his appointed counsel and the charges in his Butler County case. He also states that he has been recommended for treatment outside of the facility for an injury he received on October 30, 2024, and asks to be released on medical grounds. Plaintiff alleges that he was setup and challenges his state court criminal proceedings in Butler County, Kansas.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are

insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to

plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Failure to State a Claim

Plaintiff fails to provide any factual allegations in his Complaint. *See* Doc. 7. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint fails to comply with this Rule and fails to state a claim for relief.

Plaintiff merely references another case he filed in this Court—*Ekeh v. Penske*, Case No. 24-3226. If he intends to assert the same claims in this current case, the claims would be duplicative. "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir. 2015) (quoting *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted)); *see also Davis v. Bacon*, 234 F. App'x 872, 874 (10th Cir. 2007) (dismissing as frivolous a complaint that "substantially mirrors" a prior complaint that was dismissed).

### 2. Younger Abstention

To the extent Plaintiff's claims relate to his state criminal proceedings in Butler County, Kansas, the Court would be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th

Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Online records show that Plaintiff's criminal proceedings are ongoing. *See State v. Ekeh*, Case No. BU-2024-CR-000496 (District Court of Butler County, Kansas) (preliminary examination scheduled for February 5, 2025). The Complaint/Information in the case provides that:

> On or about the 30th day of October, 2024 in Butler County, Kansas, **Anthony Uzo Ekeh** did then and there unlawfully obtain control over stolen property or services, to-wit: **2017 International box truck**, knowing the property or services to have been stolen by another, with the intent to permanently deprive the owner, to-wit: **Budget Rental—Riverside, California**, of the possession, use or benefit of said property or services of a value of at least $25,000.00 but less than $100,000.00; in violation of **K.S.A. 21-5801(a)(4)(b)(2) ~ Theft, a Level 7 Non-Person Felony.**

*Id*. at Complaint/Information filed November 1, 2024.

Plaintiff's state court criminal proceedings are pending and therefore the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and

direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

Plaintiff should show good cause why the Court should not abstain from hearing his claims regarding his state court proceedings in the District Court of Butler County, Kansas.

### 2. No State Actor

Plaintiff names several individuals as defendants. Plaintiff has not alleged a constitutional violation, nor has he shown that any defendant was acting under color of state law as required under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff seeks to hold private individuals accountable under § 1983 and does not plead that the defendants acted under color of state law. Because Plaintiff's complaint fails to sufficiently allege that the defendants were acting under color of state law, this Court lacks jurisdiction over the defendants under § 1983. *See Whitehead v. Marcantel*, 766 F. App'x 691, 700 (10th Cir. 2019) ("We conclude that the complaint failed to provide sufficient factual matter to allege that Keefe was a state actor; therefore, the federal courts lack jurisdiction over this claim."). Plaintiff's claims are subject to dismissal.

**IV. Response Required**

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein. Failure to respond by the Court's deadline may result in dismissal of this case without further notice.

**IT IS THEREFORE ORDERED** that the Court provisionally grants Plaintiff leave to proceed in forma pauperis. Plaintiff remains obligated to comply with the Court's Notice of Deficiency at Doc. 11 by providing the financial information required by 28 U.S.C. § 1915(a)(2) by **February 5, 2025**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **February 18, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated January 17, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**